UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| VPR INTERNATIONALE,<br><br>                Plaintiff,<br>    v.<br>DOES 1-17,<br><br>               Defendants.<br>_____/ | No. C 11-01494 LB<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**<br><br>[ECF No. 5] |

## I. INTRODUCTION

Plaintiff VPR Internationale ("VPR") asserts claims for copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* and for civil conspiracy. Complaint, ECF No. 1. It seeks permission to take limited, expedited discovery to identify and name the Doe defendants in this case. *Ex Parte* Motion for Expedited Discovery, ECF No. 5. In its motion, VPR requests that the court allow it to serve subpoenas on certain Internet Service Providers ("ISPs") to obtain information identifying the Doe defendants so that Plaintiff can complete service of process on them. *Id.* at 12.

As discussed below, VPR has demonstrated that: (1) the Doe defendants are real people who may be sued in federal court; (2) it has unsuccessfully attempted to identify the Doe defendants prior to filing this motion; (3) its infringement and civil conspiracy claims against the Doe defendants could survive a motion to dismiss; and (4) there is a reasonable likelihood that service of the proposed subpoenas on the ISPs will lead to information identifying the Doe defendants. The court therefore finds that VPR has established good cause exists to allow it to engage in this preliminary

1  discovery.  Accordingly, the court **GRANTS** VPR's motion.

## II.  BACKGROUND

VPR alleges that it is a Montreal, Quebec-based partnership that produces and distributes adult entertainment content.  Complaint, ECF No. 1 at 4, ¶ 6.  It alleges that it owns the exclusive distribution and reproduction rights of the work at issue, an adult video entitled "Sintia 2."  *Id.* at 4, ¶ 7; 6, ¶ 18.  A copyright application for the work is pending.  *Id.* at 6, ¶ 20.  According to VPR, each of the 17 Doe defendants, without VPR's authorization or license, reproduced and distributed a portion of "Sintia 2" to numerous third parties though a peer-to-peer file sharing network.  *Id.* at 6, ¶ 23.  Based on this conduct, VPR asserts that each of the Doe defendants has infringed on VPR's exclusive rights in "Sintia 2" protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, thereby causing economic and reputation damages to VPR.  *Id*. at 7-8, ¶¶ 26-29.  VPR also claims that each of the Doe defendants participated in a common-plan civil conspiracy to unlawfully reproduce and distribute the work, which caused economic and reputation damage to VPR.  *Id.* at 8-9, ¶¶ 33-39.  VPR seeks monetary damages, injunctive relief, attorneys' fees, and costs.  *Id*. at 9-10.

Because the peer-to-peer file sharing network that the Doe defendants utilized is partially anonymous, VPR does not know the defendants' names and addresses, and, as a result, is unable to complete service of process on them.  Motion, ECF No. 5 at 4.  However, VPR has been able to identify the Internet Protocol ("IP") assigned to each of the Doe defendants and the date and time that each defendant allegedly infringed on VPR's copyrighted work.  *Id.*  Additionally, VPR has identified the Internet Service Provider ("ISP") for each of the IP addresses.  *Id.* at 4-5.  VPR therefore requests that, pursuant to Federal Rule of Civil Procedure 26(d), the court grant it leave to serve a Rule 45 third-party subpoena on each ISP listed in Exhibit A of the Complaint that assigned an IP addresses to the Doe defendants so that VPR may obtain the names and contact information of the Doe defendants to effect service of process on them.  *Id.* at 11-12.

## III.  DISCUSSION

### A.  Legal Standard for Leave to Take Early Discovery

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the

C 11-01494 LB
2

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery.
2  *See, e.g., IO Group, Inc. v. Does 1-65*, No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.
3  15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275-277 (N.D. Cal.
4  2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. C 10-0035, 2010 WL 2353520, at * 2
5  (E.D. Cal. June 9, 2010); *Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14
6  (D. Ariz. 2001) (collecting cases and standards).

7  When the identities of defendants are not known before a complaint is filed, a plaintiff "should
8  be given an opportunity through discovery to identify the unknown defendants, unless it is clear that
9  discovery would not uncover the identities, or that the complaint would be dismissed on other
10  grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff
11  establishes good cause to learn the identity of Doe defendants through early discovery, courts
12  examine whether the plaintiff (1) identifies the Doe defendant with sufficient specificity that the
13  court can determine that the defendant is a real person who can be sued in federal court, (2) recounts
14  the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a
15  motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that
16  will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D.
17  Cal. 1999).

18  **B. Plaintiff Has Shown Good Cause**

19  Here, VPR has made a sufficient showing under each of the four factors listed above to establish
20  good cause to permit it to engage in early discovery to identify the Doe defendants.

21  First, VPR has identified the Doe defendants with sufficient specificity by submitting a chart
22  listing each of the defendants by the IP address assigned to them on the day VPR alleges the
23  particular defendant engaged in the infringing conduct. *See* Exh. A, ECF No. 1-1 at 2; Hansmeier
24  Decl., ECF No. 5-1 at 6-7, ¶¶ 15-17; at 8, ¶¶ 21-23.

25  Second, VPR has adequately described the steps taken to locate and identify the Doe defendants.
26  Specifically, VPR investigated and collected data on unauthorized distribution of copies of "Sintia
27  2" on BitTorrent-based peer-to-peer networks. Hansmeier Decl., ECF No. 5-1 at 5-8, ¶¶ 12-20. The
28  data that VPR gathered, separated out by Doe defendant, is listed in Exhibit A to the Complaint and

ORDER RE *EX PARTE* MOTION FOR EXPEDITED DISCOVERY
C 11-01494 LB
3

1 includes each defendant's IP address, the ISP that assigned that IP address, and the date and time the
2 defendant infringed on VPR's copyrighted work. Exh. A, ECF No. 1-1. at 2. However, VPR has
3 been unable to further identify the Doe defendants.

4 Third, VPR has pled the essential elements to state a claim for copyright infringement and a
5 claim for civil conspiracy against the Doe defendants. Complaint, ECF No. 1 at 7-8, ¶¶ 26-29; at 8-
6 9, ¶¶ 33-39.

7 Fourth, VPR has demonstrated that the proposed subpoena seeks information likely to lead to
8 identifying information that will allow VPR to effect service of process on the Doe defendants.
9 Specifically, the proposed subpoena requests that each ISP produce information sufficient to identify
10 the Doe defendant who subscribed to its service, including the defendant's name, address, telephone
11 number, email address, and media access control address. Hansmeier Decl., ECF No. 5-1 at 8, ¶ 21

12 Taken together, the court finds that the foregoing factors demonstrate good cause exists to grant
13 VPR leave to conduct early discovery to identify the Doe defendants. *See Semitool*, 208 F.R.D. at
14 276. Further, the court finds that early discovery furthers the interests of justice and poses little, if
15 any, inconvenience to the subpoena recipients. Permitting VPR to engage in this limited, early
16 discovery is therefore consistent with Rule 26(d).

17 In VPR's proposed order, it requests that the court permit it to serve the subpoena on "any other
18 entity later identified." The court denies this request. If it identifies new entities, VPR may submit a
19 declaration detailing the four requirements discussed above along with a proposed order mimicking
20 the language in the following section

21 **IV. CONCLUSION**

22 For the reasons stated above, the court **GRANTS** VPR's *Ex Parte* Motion for Expedited
23 Discovery as follows.

24 1. **IT IS HEREBY ORDERED** that Plaintiff may immediately serve Rule 45 subpoenas on the
25 Internet Service Providers (ISPs) listed in Exhibit A to the Complaint to obtain information to
26 identify each Doe Defendant, including the name, address, telephone numbers, email addresses, and
27 media access control addresses. Each subpoena shall have a copy of this Order attached.

28 2. **IT IS FURTHER ORDERED** that the ISPs will have 30 days from the date of service upon

them to serve the subscribers of the IP addresses with a copy of the subpoena and a copy of this order. The ISPs may serve the subscribers using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. **IT IS FURTHER ORDERED** that subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without a subscriber contesting the subpoena, the ISPs shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

4. **IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. **IT IS FURTHER ORDERED** that any ISP that receives a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. Any ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.

6. **IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. **IT IS FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its complaint.

This disposes of ECF No. 5.

**IT IS SO ORDERED.**

Dated: April 15, 2011

_____
LAUREL BEELER
United States Magistrate Judge

ORDER RE *EX PARTE* MOTION FOR EXPEDITED DISCOVERY
C 11-01494 LB